UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CURTIS ANDREW BACKER                                                               PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:16-CV-89-TBR

U.S. *et al*.                                                              DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Curtis Andrew Backer, filed a *pro se*, *in forma pauperis* complaint (DN 1) which is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v.Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff initiated this action by filing a general complaint form. In the caption of the complaint, he states "Listed" where the parties he is suing should be included. He listed no names of any Defendants in the caption or the body of the complaint. However, along with his complaint, Plaintiff filed a summons for each of the following: (1) U.S.; (2) David Degorno "Dea"; (3) Mayor Bloomberg; (4) Paul Bass; (5) Huebert Hefner and all Pimps; (6) Mark Zuckerberg; (7) Charles Baker; (8) Henry Mulis; (9) Donald Trump; (10) PNC; (11) Chase; (12) Bank of America; (13) Wells Fargo; (14) Barrack Hussain Obama and Crips and Folks; (15) Ted Turner and Friends; (16) Richard Branson; (17) Bill Gates and Friends; (18) Madlyn O'Hare; (19) Oprah; (20) Woopi; (21) Extremist Baptist Christians; and (22) The British Queendom. Plaintiff left blank the portion of the complaint asking for the grounds upon which Plaintiff files this action in federal court. In the Statement of Claim portion of the complaint, Plaintiff states, "Pain & Suffering"; "Financial Loss"; and "Slander." The relief he seeks is "Different Assaults"; "Unknown Financial Loss Total"; and "Mass Rumors."

## II. ANALYSIS

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." S*cheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598 (2001). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty. Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory. The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). Plaintiff fails to place Defendants on notice as to any

claim(s) against them, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544), and the complaint is simply too vague and sparse to state a cause of action under any legal theory.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. CONCLUSION

Having failed to meet the notice-pleading standard and having failed to state a claim, this action will be dismissed by separate Order pursuant to Fed. R. Civ. P. 8(a) and 28 U.S.C. § 1915(e)(2)(B)(ii).

Date:


cc: Plaintiff, *pro se*
4413.003